[No. 1955. Decided February 8, 1896.]

NIAGARA FIRE INSURANCE COMPANY *et al., Plaintiffs,* v. GEORGE E. HART *et al., Appellants,* MARSHALL K. SNELL *et al., Respondents.*

CONTRACT FOR ATTORNEY FEES — CONSTRUCTION — ASSIGNMENT OF CLAIM
IN LITIGATION — ATTORNEY'S LIEN — ESTOPPEL.

Where a written contract between attorney and client in respect to litigation with insurance companies over a certain loss by fire provided that the client should pay $500 as full payment of services,

whether the case was lost or won, upon its final determination, and should pay an additional $500, making in all $1,000, in case judgment was obtained against the companies, "these respective sums in either event, to be full compensation for all services growing out of or rendered in the insurance matter," the attorney is not entitled to further compensation for litigating the matter in the supreme court, the contract, by its terms, covering all the work in all the courts.

The fact that an attorney has knowledge of an assignment by his client of a claim which he is prosecuting to judgment, will not estop the attorney from claiming a lien upon the judgment recovered, when there has been no express waiver of the right of lien.

(GORDON, J., dissents).

Appeal from Superior Court, Pierce County — Hon. W. H. PRITCHARD, Judge.    Reversed.

*Hagerman & Carroll*, for appellants George E. and John F. Hart.

*Bausman, Kelleher & Emory*, for appellant and respondent, Washington National Bank of Seattle.

*Doolittle & Fogg*, and *Marshall K. Snell* ( *C. O. Bates*, and *Hugh Farley*, of counsel), for respondents.

The opinion of the court was delivered by

SCOTT, J.—Several technical motions to strike the statement of facts and certain of the briefs and to dismiss the appeal herein were denied at the hearing. As no new points were decided a fuller statement will not be given.

The substantial points presented upon this appeal involve the amount of attorneys' fees and the right of respondents to a lien therefor upon certain judgments recovered by the firm of Hart & Jewell against several insurance companies.   One suit was made a test case by the result of which it was agreed the others should abide.   As to the amount recoverable, it appears that the respondents, Snell & Johnston, made a written

proposition to George E. Hart, who was a member of' said firm of Hart & Jewell, which is as follows:

"Tacoma, Wash., Feb. 21, 1893.
" *George E. Hart, Esq., Everett, Wash.:*

" Dear Sir — We have carefully considered all the matters presented to us for consideration in your last interview with us, and particularly with respect to your anticipated trouble with the insurance companies, their present attitude towards payment of your losses and your request that we represent you.   We write this formal acceptance of your retainer, and hereby undertake, in your behalf, to prosecute or defend any and all matters relating to the said insurance, upon the following terms and understanding:

" For services rendered in the past, we have a small account against you, which you can settle at your convenience; with respect to the litigation impending, you can, at your convenience, pay us a retainer of $150 and a balance to make up an even $500 as full payment of our services whether we gain or lose the case, upon its final determination.   Should we be successful and obtain judgment against the companies, you will pay an additional $500, making in all $1,000. These respective sums in either event, are to be full compensation for all services growing out of or rendered in the insurance matter; you to pay all taxable costs and fees of clerks, sheriff and witnesses, and traveling and hotel expenses in necessarily incurred.

" Please advise us if these terms meet with your approbation.                    Snell & Johnston."

This proposition was accepted by said Hart, and the respondents entered upon the prosecution of said claims.   It was subsequently contended· by the respondents that said agreement related only to work in the superior court and did not cover their services in the supreme court, and it was claimed by them that they had a further understanding with said Hart that they were to have additional recompense for their

services, in the supreme court, and the lower court found in their favor and also found that they had a lien upon the amounts recovered therefor, and this appeal was taken. A great deal of evidence was introduced upon the trial which we shall not undertake to set forth, even in substance, in this opinion, as we deem that it would serve no good purpose to do so. After an examination thereof and a consideration of the argument presented thereon, we are satisfied that the respondents did not make a case sufficient to overcome the effect of said written contract, and we are also of the opinion that the same, by its terms, covered all of the work of the respondents in all the courts, and that the superior court erred in allowing them to recover a greater sum than therein provided for.

As to the remaining contention with reference to the right of the respondents to a lien upon the amounts recovered, it is contended by appellants that the respondents waived their right to a lien in consequence of said George E. Hart's having assigned said claims to other parties while the actions to recover them were pending, said Hart thereby agreeing to continue the prosecution of said suits for the benefit of the assignees and without expense to them, of which assignment the respondents had notice. There was no formal waiver by the respondents of the right to a lien for the amount due them or to become due them for their services, and we do not think the mere fact of their having knowledge of said assignment precludes them from a right to a lien upon the judgments. At the time the assignment was made, the suits were undetermined and the assignees knew that further legal services would be required to terminate them, and, while George E. Hart agreed to conduct said suits or cause them to be prosecuted without cost to the as-

signees, we think they had only his individual responsibility to rely upon. He had a right make this assignment and the respondents could not have prevented him from so doing, and the fact of their knowledge of the terms thereof is not sufficient to estop them from claiming a lien upon the judgments in case Hart failed to pay them, there having been no express waiver by them of such a right.

Reversed.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.

GORDON, J. (*dissenting*).—I dissent from so much of the foregoing as holds that "the respondents did not not make a case sufficient to overcome the effect of said written contract," and from the conclusions. I think the evidence was legally sufficient and that the judgment should be affirmed.